# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

MCKENNSEY AUSTIN                                                    PETITIONER

v.                                                              No. 2:07CV84-M-A

WARDEN DALE CASKEY, ET AL.                                         RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of McKennsey Austin for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

### Facts and Procedural Posture

McKennsey Austin was convicted of murder in the Circuit Court of Coahoma County, Mississippi, and sentenced to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections. The court ordered that the sentence run consecutively to "any and all sentences previously imposed." The petitioner was acquitted of the charge of drive-by shooting contained in Count II of the indictment. On September 30, 2003, the Mississippi Court of Appeals affirmed Austin's conviction and sentence. *Austin v. State,* 860 So. 2d 1224 (Miss. App. 2003)(Cause No. 2001-KA-00920-COA), *reh'g. denied,* December 9, 2003. The petitioner declined to timely seek discretionary review in state court by filing a petition for writ of certiorari in the supreme court as provided for in Mississippi Rule of Appellate Procedure 17(b). By failing to seek the second step of discretionary review in a timely manner, the petitioner "stopped the

appeal process" and thus could not seek review in the United States Supreme Court . *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). The petitioner filed an "Application for Leave to Proceed in the Trial Court" and a "Motion for Post-Conviction Relief Pursuant to Mississippi Code § 99-39-1 *et seq.*" on December 19, 2006, in the Mississippi Supreme Court. On January 26, 2007, the supreme court denied the application as both untimely filed and without merit. The petitioner filed a second post-conviction application and motion in the supreme court on February 15, 2007. The Mississippi Supreme Court denied that application as a successive writ on March 1, 2007.

### Discussion

Resolution of this matter can be found in 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, one wishing to file a federal petition for a writ of *habeas corpus* must do so within one year of the date his conviction becomes final – unless his case falls within the limited exceptions set forth in 28 U.S.C. § 2244(d). The one-year limitations period is tolled during the pendency of a properly filed state motion for post-conviction collateral relief. *Cantu-Tzin v. Johnson,* 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999).

The petitioner's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired, fourteen days after his motion for rehearing was denied by the court of appeals. MISS. R. APP. P. 17(b) (allowing fourteen (14) days to file a petition for writ of *certiorari* in the supreme court after the motion for rehearing is denied). Thus, the petitioner's conviction became final on December 23, 2003 (December 9, 2003 + 14 days). That would set the deadline for filing his federal petition for a writ of *habeas corpus* to December 23, 2004, one year after his conviction became final. Although the petitioner filed an "Application For Leave To Proceed In The Trial Court" and "Motion for Post-Conviction Relief Pursuant to Mississippi Code § 99-39-1 *et seq.*" in the Mississippi Supreme Court on December 19, 2006, that was 726 days after the deadline for filing a habeas petition expired. On January 26, 2007, the supreme court denied Austin's application as both untimely and without merit. Likewise, the petitioner's second post-conviction application and motion of February 15, 2007, was filed after the expiration of the limitations period and did not operate to toll the statute. As both post-conviction applications were filed after the federal *habeas corpus* limitations period had expired, the petitioner is not entitled to tolling of the limitations period under § 2244(d)(2), and the instant federal petition for a writ of *habeas corpus* must be dismissed as untimely filed.

**Factual Predicate Exception**

The petitioner invokes the "factual predicate" exception of § 2244(d)(1)(D) by alleging the discovery of new evidence. First, he argues that he did not receive a fair trial because one of his jurors, Grady Fluker, is the brother of the petitioner's aunt and told petitioner's aunt – three years after the trial – that he always hated her and had finally found a way to make her suffer by sitting on Austin's jury and convincing the other jurors that petitioner was guilty. *See* "Affidavit" of Angela Lee Austin, attached to Austin's petition as Exhibit G. The Mississippi Supreme Court considered this claim of "new" evidence on post-conviction review and found the allegation not to be new evidence. This finding is reasonable considering its revelation three years after the petitioner's conviction. More importantly, even if this allegation were considered new evidence, the instant petition would still be untimely filed. Angela Lee Austin states in her affidavit that Fluker told her in July 2004 that he had been one of petitioner's jurors, and she immediately researched the allegation and contacted petitioner and his attorney. *See* "Affidavit" of Angela Lee Austin, attached to the instant petition as Exhibit G. Giving the petitioner the benefit of the entire month of July 2004, the petitioner's limitations period would have expired one year later – on July 31, 2005. Austin did not file his federal *habeas corpus* petition until 2007, more than one year after the discovery of the alleged ill intent of one juror. As such, the factual predicate exception, even if applied in this case, would not render the instant petition timely.

The petitioner also claims that he has discovered new evidence that Dr. Hayne, who testified as an expert on behalf of the state at trial, should not have been allowed to testify as an expert in forensic pathology. The petitioner's new evidence claim arises out of a recent state court decision, in which the state supreme court found that Dr. Hayne should not have been allowed to

testify to a matter beyond his expertise – based on the facts in that case. *Edmonds v. State*, 955 So. 2d 787 (Miss. 2007). The court did not, however, conclude that Dr. Hayne was not an expert in the field of forensic pathology. *Id*. at 792. Instead, the court found that the particular opinion offered by Dr. Hayne in the *Edmonds* case should not have been allowed without any scientific testing to support it. *Id*. The petitioner refers to Justice Diaz's concurring opinion in *Edmonds* – in which Justice Diaz stated his belief that Dr. Hayne should not have been qualified as an expert. *Id*. at 802-803. This expressed belief by a single Mississippi Supreme Court Justice, however, was not the finding of the majority – and does not constitute "new evidence" for purposes of § 2244(d)(1)(D). As such, the petitioner's arguments in support of use of the factual predicate exception must fail.

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant petition was thus filed sometime between the date it was signed on May 9, 2007, and the date it was received and filed in the district court on May 14, 2007. Giving Austin the benefit of the doubt by using the earlier date, the petition was filed 867 days after the December 23, 2004, filing deadline.

## Equitable Tolling

The petitioner seeks to be excused from the late filing of his federal petition for a writ of *habeas corpus* because he did not know about the existence of the AEDPA and believed that there was no statute of limitations for filing his petition. He argues further that the time limitation

should not apply to him because he is actually innocent.

The doctrine of equitable tolling may be used to extend the one-year *habeas corpus* limitations period. *Alexander v Cockrell*, 294 F.3d 626, 628030 (5th Cir. 2002). It applies however, "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). Equitable tolling is permitted only "in rare and exceptional circumstances." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d at 811.

The petitioner does not present such a "rare and exceptional circumstance" in this case. *Fisher v. Johnson,* 174 F.3d at 713 (ignorance of law or limited access to outside information do not constitute a "rare and exceptional" circumstance to excuse untimely filing); *Felder v. Johnson,* 204 F.3d at 170 (neither proceeding *pro se,* inadequacies in a prison law library, nor lack of knowledge of filing deadlines constitutes a "rare and exceptional circumstance" to justify equitable tolling). A *pro se* prisoner's ignorance of the law of *habeas corpus* is insufficient to invoke equitable tolling. *Alexander v. Cockrell*, 294 F.3d at 629. As such, the petitioner cannot use equitable tolling to extend the filing deadline due to his ignorance of the law.

Neither does the petitioner's claim of actual innocence warrant equitable tolling. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent[];" however, a *"showing* of actual innocence" might warrant equitable tolling. *Felder v. Johnson,* 204 F.3d 168, 171 & n. 8 (5th Cir. 2000); *see also United States v. Riggs*, 314 F.3d 796, 800, n. 9 (5th Cir. 2002), *reh'g. denied*, February 11, 2003 ("[A] petitioner's claims of actual innocence are [not] relevant to the timeliness of his

petition."(citations omitted)).  Finally, in *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), the

Court stated in part as follows:

> . . . The one-year limitations period established by § 2244(d) contains no explicit
> exemption for petitioners claiming actual innocence of the crimes of which they
> have been convicted.  As a consequence, a petitioner's claims of actual innocence
> are relevant to the timeliness of his petition if they justify equitable tolling of the
> limitations period.  We have previously held that they do not.  *Felder v. Johnson*,
> 204 F.3d 168, 171 (5th Cir. 2000).  Therefore, Cousin's claims of innocence do not
> preclude dismissal of his petition as untimely.

*Id*.  In the instant case, even if a showing of actual innocence would justify equitable tolling of the

limitations period, the petitioner has not presented proof that he is actually innocent of the crime

of his conviction.  As such, the petitioner may not enjoy equitable tolling on the basis of his

alleged actual innocence, and his *habeas corpus* petition shall be dismissed as untimely filed.

Even if the petitioner had proven a reason to equitably toll the limitations period, he could

not invoke the doctrine because he has not shown that he diligently pursued collateral challenges

to his conviction.  *Alexander v. Cockrell,* 294 F.3d 626, 629 (5th Cir. 2002).  The petitioner's

conviction became final on December 23, 2004.  He waited nearly two years before filing his state

post-conviction motion.  After the state's denial of his post-conviction motion, the petitioner spent

another three months litigating a second state post-conviction motion.  The two-year delay

coupled with the three-month delay preclude a finding of diligence.  As such, the petitioner is not

entitled to equitable tolling.  *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

The instant petition was filed 867 days after the one-year limitations period expired, and

the petitioner is not entitled to statutory or equitable tolling.  As such, the instant petition for writ

of *habeas corpus* shall be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 21st day of September, 2007.


/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**